FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 3 1 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Gloria M. Walker and Marvin Walker, | ) ) ) | CIVIL ACTION FILE NO: 1:16-CV-01910-ERL |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Grant Brantley, Superior Court of Cobb County, et al | ) ) ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiffs, Gloria M. Walker and Marvin Walker, pro se, for their amended complaint against Defendant Judge Grant Brantley, et al.

## INTRODUCTION

1. This is an action for money damages, and relief brought pursuant to 18 U.S.C. § 241; Title 18, U.S.C. Section 242; Section 1983; 42 U.S.C. §§ 1983 and 1988; Title 42 U.S.C. Section 14141; the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Georgia against

Judge Brantley, in his official capacities and against the County of Cobb and the named defendants.

2.  Plaintiffs Gloria Walker and Marvin Walker allege that Defendant Judge Brantley and Susan Camp made unreasonable and unlawful decisions to dismiss their case without reason while acting under the color of law. Plaintiffs allege that these constitutional violations were committed under the theory of respondeat superior.

### JURISDICTION AND VENUE

3.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over plaintiffs' cause of action arising under the Georgia state law pursuant to 28 U.S.C. § 1367.

4.  Venue lies in the United States District Court for the Northern District of Georgia because a substantial part of the events of omissions giving rise to Plaintiffs' claims occurred in Douglasville, Douglas County, Georgia pursuant to 28 U.S.C. § 1391(b)(2).

5.  Divisional venue is in Northern Division because the events leading to the claim for relief arose in Douglas County.

## PARTIES

6.    Plaintiffs' Gloria Walker and Marvin Walker are adult citizens and residents of the City of Douglasville, Georgia.

7.    Defendant Grant Brantley was a Cobb County Judge when the relevant events occurred. He is sued in his official and individual capacities.

8.    Defendants Lois Holbrooke and Holbrooke Properties do business in Douglasville. Lois Holbrooke is sued in her individual.

9.    Defendant Linda Harper does business in Douglasville. She is sued in her individual capacity.

10.    Defendant Trophy Shop does business in Douglasville. Defendant Trophy Shop sued in its official capacity.

11.    Defendant Thomas Furr of the Douglas County Fire Department. He is sued in his official capacity.

12.    Defendant Michael Newcomb of the Douglas County Code Enforcement. He is sued in official capacity.

13.    Defendant Jimmy Hitchcock of the Douglas County Code Enforcement. He is sued in his official capacity.

## BACKGROUND

14. Now come the Plaintiffs under the Federal Tort Claims, Bivens Action.

15. Plaintiffs file this action Pursuant to the 1871 Force Act, 42 USC 1983, FTCA Federal Tort Claims Act and Bivens Action.

16. The plaintiffs attempted to file an underlying claim in the Douglas County Court on February 18 of May 2015. Defendants unlawfully used the alleged authority of Judge Grant Brantley from Cobb County who conspired with the defendant Holbrooke and others to dismiss Plaintiffs claims even though Defendant Holbrooke defenses under case number 14-CV-3054 before the Douglas Court Superior Court had been properly overruled. The matter concerned an eviction Judge Susan Camp orchestrated to remove any and all Blacks from a commercial zone along Spring Street, Douglas County, Douglasville, Georgia.

17. Plaintiffs contracted with Holbrook Properties for the lease of commercial property (Exhibit 1, Lease Agreement). Plaintiffs made all payments in full, then the Holbrook's engaged a practice of unruly conduct, threats and intimidation the through a conference flag, cross and physical contact with Plaintiff Marvin Walker that led into Holbrooke initiating an eviction proceeding. Defendant Holbrooke's agent awaited Plaintiff and several occupants exit the front door from their place of business and positioned a large wooden cross across the street to face Plaintiff's

place of business, spat on the ground and pointed the cross in Plaintiffs' direction. The cross was on the back of the truck with a confederate flag along the back window for Plaintiffs view.

18. Defendant Trophy Shop was located directly across from Plaintiffs outreach center when the incident occurred. In violation of the Rico Act, the Trophy Shop building had been contacted by defendant Susan Camp who contacted Thomas Furr of the Douglas County Fire Department, and conspired with code enforcement agents Dave McConnell, Jimmy Hitchcock and Michael Newcomb to intimidate Plaintiffs into vacating premises even though Plaintiffs had been operating their business with due care and where not behind on their rent.

19. Defendant Holbrook's Properties on several dates negligently and willfully harassed and intimidated the Plaintiffs because of race.

20. Defendants were attempting to force Plaintiff Gloria Walker out of the her rental property when she violated no terms of the agreement, and in the underlying matter Holbrooke Property failed to deny allegations in Plaintiff's counterclaim that Plaintiff's rent had been paid full and Plaintiff not in arrears.

21. During the lower appellate process Gloria Walker confirmed Holbrooke Properties had failed to provide Gloria Walker notice to an upcoming eviction, and

showed no evidence Plaintiff Gloria Walker was in breach any terms of rental or lease agreement.

22. Defendant Holbrooke injured Plaintiff Gloria Walker, the injuries were sustained in unreasonable litigation expenses and harassment that Holbrooke initiated for racial reasons due to Plaintiffs' Race and heritage as a Black business person residing in the State of Georgia. Meanwhile the Lower Appellate Court for Douglas County entered an unfavorable ruling against Defendant Holbrook and held Holbrooke had no legal basis to evict Plaintiff.

23. Plaintiffs secured a favorable judgment against Holbrooke on their counterclaim.  Meanwhile, Holbrooke's Complaint was dismissed by the Lower court on the 18 day February 2015.

24. After Plaintiffs were victorious on their counter suit they proceeded to file a first amended complaint adding several defendants as pro se parties.

25. This is a pro se complaint and Pro se petitioner's arguments must be liberally construed on appeal. See U.S. v. Eatinger, 902 F2d 1383 (9th Cir.1990). The court held Counter Plaintiffs argument was not presented in trial court and it cannot be raised for the first time on appeal. Manzoli v. C.I.R., 904 F2d 101 (1st Cir.1990).

26. The Plaintiffs confirm that issue may be heard for first time on appeal when plain error has occurred and injustice would have otherwise resulted. Snyder v. Sumner, 960 F2d 1448 (9th Cir. 1992).

27. The appellate court to overturned the eviction under the "plain error" standard because: 1) error was plain (i.e. so obvious that judge should have recognized it on her own); 2) error affect substantial rights of Plaintiffs; and 3) the error was one that seriously affecting fairness, integrity, or public reputation of judicial proceedings.  U.S. v. Davis, 974 F2d 182 (D.C.Cir. 1992).

28. The notice of appeal in the underlying matter was liberally construed.  Davis v.Locke, 936 F2d 1208 (11th Cir.1991).  Plaintiffs were not assisted with counsel and counsel should be effective for trial and for direct appeal.  Romero v. Tansy, 46 F3d 1024 (10th Cir.1995).  Pro se petitioner's arguments must be liberally construed on appeal. U.S. v. Eatinger, 902 F.2d 1383.

29. The Counter Plaintiffs cited against the Plaintiffs-appellant in Patsy Ann Mooney wee she contended that the trial court erred in dismissing her complaint for failure to state a claim upon which relief can be granted, pursuant to OCGA 9-11-12 (b) (6). The Court agreed with the plaintiff and reversed the order of the trial court.

30. The matter here has merit, the Plaintiffs met all prongs to the illegal eviction the Holbrook's motion to dismiss for failure to state a claim upon which relief may be should not be granted or sustained  because (1) the allegations of the complaint disclose with certainty that Plaintiffs would be entitled to relief under any state of provable facts asserted in support thereof, and (2) Holbrooke and Judge Camp can not  establish Plaintiffs could not introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

31. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. Anderson v. Flake, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997)." (Punctuation omitted.) Cellular One v. Emanuel County, 227 Ga. App. 197-198 (489 SE2d 50) (1997).

32. On November 10, 2014 Defendant Camp evicted Plaintiff Gloria Walker, Plaintiff informed Defendant Camp that she would appeal and Defendant stated that she would make sure that Gloria Walker would have pay the full filing fee because she was not sure if she could pay.  This conduct sustains the abuse of discretion and exparte communications that allegedly occurred between Defendants Camp and Holbrooke.

33. The Magistrate Court presided under Susan Camp and Judge Emerson acted as if Plaintiffs were not entitled to their legal right to run and operate an outreach center within the State of Douglas County Georgia.

34. The claims of harassment are established through Defendant Camp's ruling after she stated that No Blacks or Colored People were allowed ownership or rental contracts on the particular side of the railroad track in Douglasville Georgia.

35. At all times material Defendant Camp was well aware of the major conflict brewing between Plaintiffs, Defendants Trophy Shop and Holbrooke after she had been informed by Judge Emerson the Walkers had to be evicted regardless of their compliance with terms of the contract with Defendant Holbrooke.

36. Defendant Camp had reason to believe Holbrooke sought to evict the Plaintiffs due to Race, Camps conduct shows she should have immediately filed a notice of recusal or disqualification pursuant to the case having proceeded.

37. During open Count Defendant Camp on the date of Plaintiffs in the hearing Defendant Camp stated she had "removed the Zumba Class ran by blacks, and the church ran and operated by blacks was next to being removed."

38. During the November 10, 2014, hearing Defendant Camp Holbrook's went to her legal books and gave legal advice to Defendant Holbrooke's agent Harper, because Harper had not demanded the property or premises. According to the

Douglas County Appellate Court that Harper had not filed a demand or pleading to satisfy each perquisite under the landlord tenant agreement.

39. Douglas County Appellate Court revered Susan Camp for abuse of discretion, because Defendant Holbrooke had failed to establish why Plaintiffs were being evicted and harassed.  As set forth below, Defendant Trophy Shop continues to harass Plaintiffs in violation of the Georgia "Peeping Tom" law in that Trophy shop unlawfully video tapes activity at Plaintiff's place of business.

40. The cessation of discovery by Defendant Camp show if Plaintiffs had been white wealthy males or females, she would not have ruled against them, but they were Black therefore they lost rights to that led to the denial of their lease agreement. **COUNT 8** the defendants has violated the **Enforcement Act of 1871** (17 Stat.13), also known as the Civil Rights Act of 1871, Force Act of 1871, Ku Klux Klan Act, Third Enforcement Act, or Third Ku Klux Klan Act. (17 Stat.13)

41.The Ku Klux Klan empowered the President to suspend the writ of habeas corpus to combat the Ku Klux Klan (KKK) and other white supremacy organizations during the Reconstruction Era.

42. The City of Douglasville has established two classes of Section(s) 1985(3) conspiracies causing a public/private axis to commercial property along Spring

Street emerge. This was explained to the Douglas County Appellate Court but to no avail.

43. Counter Plaintiffs repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 42 as stated above with the same force and effect as if herein set forth.

44. At all relevant times herein, Gloria Walker, as CEO of Operation Taking Back Our Community had a right under the due process and equal protection clauses of the Georgia State Constitution to continue to rent, lease and operate her non profit organization, or commercial business within the jurisdictional boundaries of Douglasville Georgia.

45. The Defendants had a duty not to deprive Plaintiffs of their constitutionally protected interest in the property located at 6508 Spring Street Douglasville, Douglas County Georgia.

46. Defendants had sought private persons who, jointly engaged with state officials who were acting under color of law for purposes of harassment under color of law.

47. Around February 26, 2015 Gloria Walker witnessed business premises for Defendant Trophy Shop, a Klan Member was on the picked up a large wooden cross from the back of his pickup truck, sending Plaintiffs a message that they are

active and ready to move against the Plaintiffs for exercising their due process rights against Defendants illegal intrusion and deliberate indifference, this shows Klan activity is still activity in Douglasville, Georgia.

48. Officials for Defendant City of Douglasville, Georgia and it agents is liable under the doctrine of respondent superior since they were the decision maker that led to eviction without due process of law.

49. At all times relevant herein, (a) the Defendants acted with intention of confronting Plaintiffs within fixed boundaries, (b) the act directly or indirectly resulted in Plaintiffs confinement, and (c) The Walkers was conscious of the confinement while in Georgia Jurisdictions and failed to underpin the Magistrate Court's. Restatement (Second) Torts, sec. 35; see Foley v. Polaroid Corp., 400 Mass. 82, 89-92 (1987); Nolan & Sartorio, 37 M.P.S. Torts, sec. 16, p. 16 (2d ed. 1989 and 1993) Supp.

50. Defendants imposed and threats of an unlawful restraint upon Plaintiffs' freedom of movement, by attempting to cease by unlawful and falsification of an eviction.  See Simpson and Alperin, Summary of Basic Law, secs. 1841. Then, under the color of state law, the Defendant Federal Officers as a direct and proximate result of their conduct the Plaintiffs suffered harm and damages.

51. Defendants are liable for assault and battery under State law that resulted in Lois Holbrook the owner of the property striking Mr. Marvin Walker's physical person in June 2014.  Ms. Holbrooke struck the Mr. Marvin Walker in his chest in response to Mr. Walker stating the "devil is in the church."

52.  Defendant Holbrooke and Lois Holbrooke are acts of assault against Plaintiffs.

53. Defendant Lois Holbrooke's intent does not require Defendant to know that her acts will result in harm to the Plaintiffs.  Lois Holbrook having struck Mr. Marvin Walker in the chest then admitted that she struck him. Consequently, Defendant Holbrooke knew her certain acts resulted in certain consequences.

54. At all times relevant Defendants conspired against Plaintiffs to have their civil process rights interfered with or attempted to interfere by threats, intimidation, or coercion which deprived Plaintiffs of enjoyment of their rights e.g., rights to their liberty, as to the right to occupy real property, to wit, within the State of Georgia as to property situated at 6508 Spring Street Douglasville Georgia.

55. Thus, under color of state law, the Walkers liberty was threatened, and they were intimidated and coerced by Defendants causing code inspectors to get involved and imply Plaintiffs were not in compliance with their rental agreement. Defendant code inspectors wrote citation without merit, and entered the non-profit filmed the premises on their personal phones.  The code enforcement team for the

City of Douglasville cited organization and Gloria Walker after donated and everyday items were temporarily placed around the building entrance.

## COUNT 1

### 42 U.S.C. § 1983 AGAINST DEFENDANTS

56.  Plaintiff re-alleges and incorporates by reference ¶¶ 1-55.

57. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants Judge Grant Brantley and the named defendants for violation of Plaintiffs constitutional rights under color of law.

## COUNT 2

### Assault and Battery against Defendant Hoolbrooke

58. Plaintiffs re-allege and incorporate by reference ¶¶ 1-57.

59. Defendant Louis Holbrooke struck Plaintiff Marvin Walker in the chest.

## COUNT III

### 42 U.S.C. § 1983 Against Defendants.

60.  Plaintiff re-alleges and incorporates by reference ¶¶ 1-59.

61.  Defendant Brantley engaged ex parte communications with defense counsel that resulted in Judge Brantley ruling against Plaintiff.  While in Marvin Walker's presence in the Courtroom outside Defendant Brantley's presence, Attorney

General stated that she had already consulted with Judge Defendant Brantley and was informed by Defendant Brantley that the case was going to be dismissed.

## COUNT IV

### Respondent Superior of County Cobb

62. Plaintiff re-alleges and incorporates by reference ¶¶ 1-61.

63. Defendant Cobb County is liable for the civil rights violations committed by Defendant Brantley against Plaintiffs.  At all times material Judge Grant Brantley was employed by Cobb County and acting in the scope of his employment when Defendant committed the civil rights violations against Plaintiffs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court:

A.   Enter judgment in favor of Plaintiff  against Defendants;

B.    Enter an order declaring Defendant Judge Grant Brantley and the named defendant conduct unconstitutional;

C.   Award Plaintiffs' compensatory and punitive damages against Defendants;

D.   Plaintiffs reserve the right to retain counsel and reserve the right to an award of reasonable attorneys' fees and costs for future counsel pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Grant Plaintiffs such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate;

F. Plaintiffs respectfully requests the court grant additional 10 days to file a supplemental pleading to make grammatical and typographical corrections, and for the purpose of attaching exhibits in support of Plaintiffs claims;

G. Plaintiff moves for the dismissal of Dave McConnell and Judge David Emerson from this action.

H. Plaintiffs move to dismiss Mary Johnson from their personal cause of action.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

This 29th day of August, 2016

Respectfully submitted

Gloria M. Walker, pro se

Marvin Walker, pro se

6508 Spring Street
Douglasville, GA 30134
404-692-4808

<u>Certificate of Service</u>

This is to certify that <u>Gloria Walker and Marvin Walker have</u> filed the foregoing <u>Amended and Supplemental Complaint</u> with the clerk of the Court and served a copy through U.S. Mail to the following:

6508 Spring Street
Douglasville, GA 30134
404-692-4808

The Trophy Shop
6519 Spring Street
Douglasville, GA 30134
770-949-0503

Code Enforcement (Jimmy Hitchcock and Michael Newcomb)
P.O Box 219
Douglasville, GA 30133

Lois Holbrooke
3906 Floyd Road
Austell, GA 30106

Linda Harper
3906 Floyd Road
Austell, GA 30106

Judge Susan Camp
8700 Hospital Drive
Douglasville, GA 30134

Thomas Furr
6856 West Broad Street
Douglasville, GA 30134

Judge Grant Brantley
30 Waddell Street
Marietta, GA 30090


This 29th day of August, 2016


Respectfully submitted


Gloria M. Walker, pro se


Marvin Walker, pro se

State of Georgia

County of Douglas

## <u>VERIFICATION OF MARVIN WALKER</u>

Before me, the undersigned authority, personally appeared Gloria Walker,

who being known to me and being first duly sworn, deposes and says as follows:

1. My name is Marvin Walker and I make this affidavit in my official and

   individual capacity for the purposes of this action.  I possess

   knowledge to the facts in this case.  I have personal knowledge of the

   facts contained in the complaint filed against the named defendants.

This _29th_ day of August, 2016.

_____

Marvin Walker, pro se

Larry Hutton
Witness-1, Printed Name
Witness Signature
August 29th 2016
Date

Bobby Hutton
Witness-2, Printed Name
Witness Signature

Date *August 29th 2016*

NOTARY

Sworn to and subscribed before me
this the *29* day of August, 2016.

Notary Public

My Commission Expires: *Aug 29. 2019*

State of Georgia

County of Douglas

## <u>VERIFICATION OF GLORIA WALKER</u>

Before me, the undersigned authority, personally appeared Gloria Walker,

who being known to me and being first duly sworn, deposes and says as follows:

1. My name is Gloria Walker, I am the CEO of non-profit organization Operation Taking Back Our Community (hereinafter "Operation TBOC") and I make this affidavit in my official and individual capacity for the purposes of this action. I am CEO of Operation TBOC and possess knowledge to the facts in this case and daily operations of Operation TBOC, as it relates to the lease and purchase of properties subject to this action. I have personal knowledge of the facts contained in the complaint filed against business affairs involving Operation TBOC and the named defendants.

This _27th_ day of August, 2016.

_____
Gloria Walker, pro se

_Larry Hutton_____
Witness-1, Printed Name

_Witness Signature_

August 29ᵗʰ2016

Date

Bobby Hutton

Witness-2, Printed Name

Witness Signature

August 29th 2016

Date


NOTARY

Sworn to and subscribed before me
this the _29_ day of August, 2016.

Notary Public


My Commission Expires: _Aug 29, 2018ᵃˡ_

Gloria Walker
6508 Spring Street
Douglasville, Georgia  30134
(404) 692-4808

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 30 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

August 29, 2016

VIA: U.S. Mail

Clerk
U.S. Northern District Court
75 Ted Turner Drive, N.W.
23 Floor
Atlanta, Georgia  30303

      RE:   Marvin Walker and Gloria Walker v. Judge Grant Brantley, et al; Civil Action
             File No. 16-CV-01910-ERL

Dear Clerk:

Enclosed herewith please find Plaintiff's Supplemental Amended Complaint for filing purposes.
Please note that a copy of the Exhibits will be mailed to the Court within the next three (3) days.

Thank you in advance for your cooperation and assistance.

With kindest regards.

                      Sincerely,

                      /s/Gloria Walker
                      Gloria Walker

GW

Enclosure

Gloria Walker
6508 Spring Street
Douglasville, Georgia 30134

U.S. POSTAGE
PAID
DOUGLASVILLE, GA
30134
AUG 29 16
AMOUNT
$1.57
R2305H129424-22

1000   30303

Clerk
U.S. Northern District Court
75 Spring Street
23rd Floor
Atlanta, Georgia 30303